**UNITED STATES DISTRICT COURT**

**DISTRICT OF MAINE**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) ) | |
| v. | ) ) | No. 1:99-cr-48-DBH-03 |
| **JAMES RAYMOND WALKER,** | ) ) ) | |
| Defendant | ) | |

**ORDER ON MOTION TO CORRECT CLERICAL ERROR**

The defendant James Raymond Walker has filed a "Motion to Correct Clerical Order [sic], Pursuant to Rule § 36 of the Federal Rules of Criminal Procedure." Docket Item 74. Because the record conclusively reveals that no clerical error occurred, I **Deny** the motion.

Walker initially was sentenced in this court by Judge Carter on May 18, 2000. In that Judgment and Commitment, Judge Carter ordered the Bureau of Prisons to give Walker credit for time served on an underlying state sentence. Judgment at 7 (Docket Item 42). Walker appealed (not on that issue) and the First Circuit Court of Appeals remanded for resentencing because of an error in the Guideline calculations.

At the resentencing on March 27, 2001, Judge Carter told defense counsel in response to a question that the only change was in the base offense level and the imposition of a sentence at the bottom of the new Guideline range. Tr. of Sentencing Proceedings at 3 (Docket Item 53).

Thereafter, on March 28, 2001, and before issuing the Amended Judgment and Commitment, Judge Carter sent the following letter to both counsel:

> On reflection after the proceedings yesterday in the above matter for the purposes of reimposing sentence after remand from the Court of Appeals, I believe I have discovered *sua sponte* a concern that may be an issue with counsel about the contents of the Amended Memorandum of Sentencing Judgment and the Judgment to be entered in this case. You will recall that after I had articulated the imposition of sentence in the proceedings, counsel had, out of the hearing of the Court, a discussion about something in the papers of the case. Mr. Silverstein then asked me an opaque question to the effect of, "Am I correct that there will be nothing changed in the new Judgment from the original Judgment except for the correction of the error raised by the Court of Appeals?" He did not direct me to any language in the prior Judgment to which he had reference. Since I had not recently reviewed the prior Judgment, I was not fully cognizant of all of its language. I indicated to Mr. Silverstein in response to his question that the only thing that would be changed was the rectification of the error generated by the Court of Appeals.
>
> During a rather long drive home yesterday, out of mystification as to the reason for Mr. Silverstein's question and, perhaps, a keen sense of danger, I have reviewed the original Sentencing Judgment. I have discovered some language in it which I am certain was inserted therein as a result of some clerical error on my part back in May of 2000 when Defendant was previously sentenced. That language is the following:
>
>> It is specifically <u>ORDERED</u> that the Bureau of Prisons, in computing the time Defendant is to serve the execution of these federal sentences give Defendant credit for time he has served on the underlying state sentence as of the time he commences execution of these federal sentences.
>
> That language follows immediately upon the provision that both sentences imposed in the federal case "be served consecutively to the State of Maine sentence that the Defendant is now serving."

> The inconsistency between the two statements is apparent. Further, I never at any time intended that the Defendant would get credit in serving the federal sentences for the time he served on a previous state sentence. I have no idea how the subject language found its way into the prior Memorandum of Sentencing Judgment.
>
> In the proceedings yesterday, both in chambers and in the courtroom, Mr. Silverstein premised his argument for a sentence at the low end of the Guidelines at the present time upon the fact that this Defendant would have to serve some four to six years on a state sentence before commencing execution of these federal sentences. I took that argument into account in determining that the low end of the Guideline range in this case was appropriate. Further, I had no intention whatever that the Defendant would receive credit for the time served on the state sentence in executing the federal sentences and I do not now so intend. Finally, I very much doubt that I have the authority, in any event, to order the Bureau of Prisons to give a defendant credit on a <u>federal</u> sentence for time spent in execution of a <u>state</u> sentence.
>
> Accordingly, I do not intend to include in the Amended Memorandum of Sentencing Judgment resulting from yesterday's proceedings the language quoted above indicating that the Defendant should receive such credit. However, since the issue was not specifically raised and articulated in the proceedings yesterday, I am going to enter a Procedural Order reserving entry of judgment in this case and ordering that any counsel who has an objection to my proposal to omit the subject language from the Amended Memorandum of Sentencing Judgment and Judgment to now be entered herein as a result of the redetermination of sentence file a memorandum of law setting forth his or her position or objection on or before April 13, 2001. If such a memorandum is filed, it should be responded to in accordance with the terms of the Procedural Order and I will consider a resolution of the issue on the papers unless I believe a further sentencing proceeding is required.

Judge Carter's Letter to Counsel (Docket Item 51). On April 13, 2001, defense counsel responded as follows:

> NOW COMES the Defendant, by and through undersigned counsel, and respectfully notifies this Honorable Court of his intention not to contest the sentence imposed upon him by this Court on March 27, 2001 and as indicated in the Court's letter to counsel dated March 28, 2001.

> Notwithstanding, the Defendant's present intention, undersigned counsel has attached, for the Court's edification, excerpts of the Transcript of Sentencing Proceedings and directs the Court's attention to the colloquy located at pages 26, 28-29. Undersigned counsel serves this Notice with the express written authorization of and consent given by the Defendant.

Def.'s Notice Not to Contest Sentence (Docket Item 54).

On April 26, 2001, Judge Carter entered an Amended Judgment and Commitment that omitted the language in the original Judgment and Commitment that had directed the Bureau of Prisons to give Walker credit for time served on the underlying state sentence. Amended Judgment (Docket Item 56).

It is apparent that there was no clerical error in the omission of the credit for time served. Instead, the record disproves Walker's contention that the Amended Judgment and Commitment failed to reflect what the Judge and counsel intended. As for Walker's last contention, raised in Reply Brief, that his lawyer did not have authority to respond to Judge Carter's letter in the manner in which he did respond, that has nothing to do with a Rule 36 motion concerning a clerical error.

The motion is **DENIED**.

**SO ORDERED.**

**DATED THIS 1ST DAY OF DECEMBER, 2011**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**